ANTHONY R. ROMANO, TRADING AS AMERICAN CASKET COMPANY, PLAINTIFF-RESPONDENT, v. ADELE M. BROWN, TRADING AS A. BROWN ESTATE, DEFEND-ANT-APPELLANT.

Submitted May 31, 1940—Decided October 10, 1940.

For the plaintiff-respondent, *Joseph C. Cassini.*

For the defendant-appellant, *Robert S. Hartgrove.*

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment in favor of the plaintiff-respondent and against the defendant-appellant in the sum of $651.90, entered on a verdict of the jury. The plaintiff instituted this action to recover the value of various caskets and merchandise which he allegedly sold to Adele M. Brown, trading as A. Brown Estate, the defendant. The complaint is in four counts. The first count is on a book account; the second count is for goods sold and delivered; the third count is based on an agreement whereby the defendant, Adele Brown, agreed to pay the plaintiff the balance due him for merchandise sold to her deceased husband, in consideration of the respondent extending to her credit by selling her a casket for the burial of her deceased husband and extending to her credit under the name of A. Brown Estate so that she might conduct the business previ-

ously owned and operated by her deceased husband; the fourth count was for the reasonable value of the goods sold and delivered.

On the date of the death of the appellant's husband, he was indebted to the respondent in the sum of $724.80 for merchandise sold to him prior to that date. The plaintiff testified that on this day the agreement in question was entered into between him and Adele M. Brown, and that in accordance with the agreement and between the dates of December 22d, 1931, and February 11th, 1935, there became due to him on account of merchandise sold and the assumed indebtedness of the decedent, the sum of $2,850.25. He testified that the defendant had paid him, or received in credits, during that period, the sum of $2,127.35, and that in this action he was seeking to recover the difference.

The defendant and her witnesses denied that there was any such agreement that she personally should assume the debt due on the merchandise sold to her deceased husband, but stated that the agreement on the other hand was that the past indebtedness should be paid out of the business which she would continue to operate.

The trial court submitted to the jury the question whether the promise of the appellant was an original or collateral undertaking.

The first point made by the appellant is that the trial court was without power to sign the *postea* on the verdict of the jury because the amended complaint was not signed by either the respondent or his attorney. This is an objection which should have been taken at the trial and hence has been waived. *Rodgers* v. *Harelick and Harelick, Inc.,* 124 *N. J. L.* 577.

The second point of the appellant is that the contract of assumption was in violation of the statute of frauds because it was an oral promise to pay the debt of another. It is well settled that where the oral promise upon which suit is brought is an original one, and not merely a collateral undertaking, it need not be in writing. The determinative test is to whom was the credit, in fact, given. If there was proof in support of the respondent's contention that the credit was, in fact, given to Adele M. Brown individually, then the jury might

find that the promise was an original one. Under the facts proven in this case the question whether the agreement was original or collateral was factual and required submission to the jury. *Federal Wine, &c., Co.* v. *Jabberwock Country Club*, 120 *N. J. L.* 331 (at *p.* 332); *Williston on Contracts* (*Rev. Ed.*), §§ 451, 462, 468, *et seq.*; *Restatement of the Law of Contracts*, §§ 178, *et seq.* And where the promise to pay the debt of another is founded upon a new consideration, and this consideration passed between the parties to the promise, and gives the promisor a benefit which he did not enjoy before, and would not have possessed but for the promise, it will be regarded as an original promise, though not in writing. *Federal Wine, &c., Co.* v. *Jabberwock Country Club, supra* (at *p.* 334).

The third point of the appellant is that the alleged contract of assumption was a promise to pay a non-existent debt. No pertinent authority is submitted in support of such a proposition. The debt of the decedent remained a debt of his estate. *Williston on Contracts,* §§ 210, 406, and as such was the debt of another within the meaning of the statute of frauds.

The fourth point is that the contract of assumption was illegal because it invaded the due administration of the estate of Andrew L. Brown, deceased. In a petition applying for administration of the estate, filed by the appellant, wife, she stated that the value of the estate was not more than $200. No administration of such an estate is required by law. *R. S.* 3:7-8; *N. J. S. A.* 3:7-8. And provision is otherwise made for administration by *R. S.* 3:7-6.

The fifth point is that the contract of assumption violated the laws of this state in that it stipulated for the conduct of a funeral business by an unlicensed person and that, therefore, the contract is void. The statute, *R. S.* 45:7-17; *N. J. S. A.* 45:7-17, authorizes the issuance of a permit for the continuance of the business of a deceased funeral director under the supervision of a person duly licensed by the board for the benefit of the widow or of the estate, or of persons interested in the estate for such time as the board may determine. At most there was but a technical violation of this

statute im that the application by the appellant for a permit for the continuance of the business was made about four months after this contract was made. This omission was insufficient to void the contract, particularly in view of the fact that there is testimony that the funerals were, in fact, conducted by a licensed funeral director. Besides in such a situation the appellant cannot take advantage of her own failure to meet the statutory requirements.

The sixth point is based upon contentions which have been disposed of hereinbefore.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   14.

*For reversal*—None.