**WARNER–LAMBERT PHARMA-CEUTICAL CO.**

**v.**

**William SYLK.**

**Civ. A. No. 69–2730.**

United States District Court, E. D. Pennsylvania.

Dec. 31, 1970.

---

Robert P. Herzog, New York City, for plaintiff.

Michael H. Egnal, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

Presently before the court is plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56. This controversy arose out of a default in the payment of a note due October 31, 1969, by Collins Wholesale Drug Co., Inc., (hereinafter referred to as "Collins"). Pursuant to an out of court settlement of a law suit against Collins in New Jersey, the defendant, William Sylk, endorsed and guaranteed the payment of thirteen promissory notes.

On November 1, 1969, the third note became in default, and payment on the balance of the remaining notes, by their terms, accelerated and became due and owing without further notice. It is this outstanding obligation which plaintiff now seeks to recover.

The defendant opposed this motion on the grounds that there are two genuine issues of material fact which prevent the granting of relief under Rule 56. These are: (1) that on November 13, 1969, the parties entered into a subsequent oral agreement which modified the original written agreement with respect to the time for and amount of payments to be made; and (2) that the defendant was forced to endorse and guarantee the payment of the promissory notes in question under circumstances of economic duress, and therefore, his participation was involuntary.

In examining the first of these two contentions, it becomes apparent that the documentation advanced in support of the alleged oral modification consists merely of two letters from the defendant, addressed to plaintiff's counsel and signed only by the defendant. Since the New Jersey Statute of Frauds [1] specifically requires that the promise to answer for the debt of another be in writing and signed by the party against whom it is to be enforced, the question arises as to whether this contract may subsequently be orally modified.

The general rule is "that a contract which the statute of frauds requires to be in writing may not be modified by a subsequent oral agreement." Willow Brook Recreation Center, Inc. v. Selle, 96 N.J.Super. 358, 233 A.2d 77 (1967).

In the face of this, the defendant nevertheless contends that the original agreement was not within the Statute of Frauds because the promise was founded upon new consideration running to the promisor. The short answer to this is that the fourth paragraph of defendant's answer to the Complaint specifically alleges that the defendant received no consideration for his promise.

But even apart from that, defendant's promise was within the Statute of Frauds because it was a collateral rather than an original promise. The proper test for determining this is by asking "to whom was the credit, in fact, given. * * *" Romano v. Brown, 125 N.J.L. 293, 15 A.2d 818 (1940).

Applying this test to the facts of this case, it becomes apparent that the credit was, in fact, given to Collins and not to the defendant. Therefore, this argument must fail.

1. N.J.Stat.Ann. § 25:1–5 (1940).

The defendant additionally argues that even assuming *arguendo,* that the original agreement was within the Statute of Frauds, the alleged oral modification itself was founded upon new consideration and therefore not within the Statute.

This argument however completely ignores the general rule previously mentioned. Further, this argument overlooks the simple fact that the *plaintiff* received no new consideration for this alleged oral modification. The defendant was already obligated to plaintiff as an indorser and guarantor of payment of the promissory notes. Plaintiff therefore received nothing for its alleged agreement to alter the terms of the original obligation.

Since the original agreement was required to be in a signed writing and since the only evidence of an alleged modification consists of two self-serving letters signed only by the defendant, it is clear that such evidence is insufficient to raise genuine issues of material fact.

Turning now to defendant's second contention involving the question of alleged economic duress. The record on this question is somewhat confusing. It is apparent from defendant's pleadings and brief that the defendant admits that at least part of the amount in question is in fact due and owing to plaintiff. However, in his answer under the heading of "Cross-Claim", the defendant attempts to allege in extremely broad and conclusory terms a claim of economic duress. Plaintiff has denied each of these allegations in a reply.

It is not clear, however, on the record as it now exists, whether this defense is present and available to the defendant. In a situation such as this, the court may pursuant to Fed.R.Civ.P. 56(f) order a continuance to permit further discovery. With the aid of additional discovery, affidavits could then be filed stating with particularity the facts which form the basis of the alleged duress. Additional discovery could also clarify whether the transactions in question did in fact involve circumstances of duress or were in fact economically beneficial to the defendant. But in any event, what is needed is more information to afford the court a basis upon which a decision could properly be made.

Accordingly, the court enters the following:

## ORDER

And now, this 31st day of December, 1970, it is hereby ordered that plaintiff's motion for summary judgment is denied without prejudice to permit further discovery on the question of alleged economic duress.