**WARNER–LAMBERT PHARMA-CEUTICAL CO.**

v.

**William SYLK.**

**Civ. A. No. 69–2730.**

United States District Court, E. D. Pennsylvania.

Aug. 20, 1971.

Robert P. Herzog, New York City, for plaintiff.

John D. Egnal, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

GORBEY, District Judge.

On December 31, 1970, an order was entered denying plaintiff's motion for summary judgment without prejudice to permit further discovery pursuant to Fed.R.Civ.P. 56(f).[1]

Plaintiff commenced this diversity action against defendant to recover damages arising from defendant's default upon his endorsement and guarantee of a series of thirteen promissory notes made between the plaintiff and Collins Wholesale Drug Company, Inc. (Collins). These notes were executed in connection with an out-of-court settlement. The settlement resulted from a legal proceeding commenced by plaintiff against Collins in New Jersey. The first few notes were paid. When the third note became in default, the balance of the series of the notes, by their terms, became due.

Because of the default, plaintiff, in the present action, claims of defendant the sum of $14,569.07, being the balance of unpaid notes. Plaintiff further seeks as provided by terms of the notes, interest from October 31, 1969, the date of default, and attorney's fees.

Defendant opposed the grant of summary judgment on two grounds.

First, that there was a genuine issue of material fact as to whether the parties entered into a subsequent oral modification of the original terms of payment. Judge John B. Hannum decided that the agreement in question was within the New Jersey Statute of Frauds and that the Statute requires that the promise to answer for the debt of another be in writing and signed by the party against whom it is to be enforced; therefore, he concluded the Statute barred a subsequent oral modification. Warner-Lambert Pharmaceutical Company v. William Sylk, 320 F.Supp. 1074 (E.D. Pa., filed December 31, 1970.)

There remains one issue for decision; whether the plaintiff is entitled to judgment as a matter of law under the facts and circumstances stated above when defendant alleges that his endorsement and guarantee arose from business compulsion.[2] It should be noted that these allegations have been pleaded in the broadest of generalities and have all been denied by the plaintiff.

The case being called for trial, plaintiff renewed his motion for summary judgment.

Subsequent to the Rule 56(f) continuance and up to the time set for trial, defendant had not availed himself of the opportunity of providing a factual basis for his claim. There is no indication of

---

1. Rule 56(f) reads:
    "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

2. Defendant urges this under the heading of "cross-claim" in his answer. Fed.R. Civ.P. 13(g) states in part "a cross-claim (is) any claim by one party against a co-party". Defendant probably intends this assertion as a counter-claim. We shall treat the allegation of business compulsion only as to its availability to defendant without considering the fine distinctions involved as to its designation as either a defense or a counter-claim. See Fed.R. Civ.P. 8(c) and 3 J. Moore, Federal Practice § 13.09.

an ability or desire to do so in the future. Further, defendant has not stated by affidavit a legitimate basis for his inability to do so. Plaintiff's assertions cannot be attenuated by defendant's lack of opposition. Defendant must actively parry plaintiff's thrusts.[3] It has been said: "sub-division (f) of Rule 56, by affording an opportunity for continuance of an application for summary judgment so as to permit affidavits to be obtained or depositions to be taken or discovery to be had, indicates that absent such effort it is idle to attempt to shrug off the facts which his adversary has presented." Robin Construction Company v. United States, 345 F.2d 610, 613–614 (3d Cir. 1965).

Plaintiff, under all the facts presented, is entitled to judgment as a matter of law. This Court has before it no factual basis for defendant's defense or counterclaim. Accordingly, for the above reasons, plaintiff's motion for summary judgment is granted.

## ORDER

And now, this 20th day of August, 1971, it is hereby ordered that judgment is entered in favor of plaintiff, Warner-Lambert Pharmaceutical Co., and against defendant, William Sylk, in the sum of $14,569.07 with interest thereon from October 31, 1969. It is further ordered that judgment is entered in favor of plaintiff, Warner-Lambert Pharmaceutical Co., and against defendant, William Sylk, in the sum of $3,866.50 as and for reasonable attorney's fees.

3. Fed.R.Civ.P. 56(e) states in part:
   "(A)n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."